UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  S1-4:10CR449 CEJ |
| | ) | |
| MARK EDWIN SHORES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b) for pretrial matters.  On April 25, 2011, the undersigned filed a Report and Recommendation relative to the Defendant's motions to suppress.   Presently, there remain a motion to compel discovery of confidential informant, a motion to dismiss count 6 of the indictment, and a motion to quash subpoena.  The undersigned will rule the above motions by this separate memorandum and order.

**#22, Defendant's Motion to Compel Disclosure of the Identity of the Government's
  Confidential Informant, or in the Alternative to Produce the Informant at an
  In Camera Hearing**

The Defendant alleges that the informant should be disclosed in this case, because the Defendant provided information which led to the issuance of the search warrant, and had purchased heroin from the Defendant on a prior occasion.  The undersigned concludes that because the Defendant was not indicted with any transaction to which the informant was a material witness, and, in the case at bar, the informant is merely a probable cause informant, the informant's identity need not be disclosed.

In determining whether the identity of a confidential informant should be disclosed, the Court must balance the Defendant's need for disclosure to insure a fair trial with the public's interest in preserving the anonymity of persons who provide information relating to crimes to law enforcement officials. Roviaro v.United States, 353 U.S. 53, 59-62 (1957). The Defendant has not here alleged nor offered evidence from which the Court should conclude that the balance in this case tips in favor of a disclosure. The Defendant has not alleged, for example, that some other person assisted or counseled him or caused him to engage in the conduct alleged. In any event, it is not for the Court to speculate how such disclosure might be helpful to a defendant or essential to a fair trial or a fair determination of the case.

The Government need not disclose the identity of an informant or tipster who provided information to law enforcement officers which is used to provide probable cause for the issuance of a search warrant, but was neither a witness nor a participant in the offense. United States v. House, 604 F.2d 1135 (8th Cir. 1979). The Defendant here has not shown that the informant referred to in the affidavit was either a witness to or a participant in the matters alleged in the indictment; nor has he alleged other than in a general fashion, that the informant has any exculpatory information to offer in this cause.

Therefore, the Defendant's motion should be denied.

### #23, Defendant's Motion to Dismiss Count 6 of the Indictment

The Defendant has moved to dismiss Count 6 of the indictment, alleging basically that insufficient or incompetent evidence was presented to the grand jury in order to obtain the indictment in this case. As a basis for this, he submits a police report which was evidently generated about this offense, and states that the police report shows that the evidence is insufficient to prove that the Defendant possessed heroin with intent to distribute it in this matter.

However, the Defendant's claim that there was insufficient competent evidence presented to the Grand Jury must fail. An indictment valid on its face is immune from attack by such claims. Costello v. United States, 350 U.S. 359 (1956).

In addition, the undersigned concludes that, in order to be legally sufficient, an indictment must contain all the elements of the offenses charged, fairly inform the Defendant of the charges against him, and allege sufficient information to allow the Defendant to plead a conviction or acquittal as a bar to subsequent prosecution. Rule 7(c), Federal Rules of Criminal Procedure; Hamling v. United States,418 U.S. 87 (1974). The indictment in this case alleges a specific date, location, and drug which the Defendant is charged with possessing with intent to distribute. It appears to be a regular form indictment. Therefore, the indictment meets the requirements of Rule 7(c), Federal Rules of Criminal Procedure, and should not be dismissed.

Further, at this point, the undersigned does not know what, if any, evidence the Government will present in the case now at bar at trial, and, therefore, a motion to dismiss at this time alleging that the Government can not prove its case is premature.

For the above reasons, the undersigned recommends that the indictment not be dismissed

* * *

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Compel Disclosure of the Identity of the Government's Confidential Informant, or in the Alternative to Produce the Informant at an In Camera Hearing [Doc.#22] be **denied**.

Further,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Count 6 of the Indictment [#23] be **denied**.

Further, as to the motions to suppress evidence and statements, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

          /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  2nd  day of May, 2011.